IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERIKA MARIE GONZALES,          :          No. 3:25cv1455
     **Plaintiff**          :

                   :          **(Judge Munley)**

  v.          :

                   :          **(Magistrate Judge Schwab)**

WAYNE COUNTY HOUSING          :
AUTHORITY; ELLEN POSKA; and          :
JOSEPH A. BLASKIEWICZ,          :
     **Defendants**          :

## ORDER

Before the court is the Report and Recommendation ("R&R") of Magistrate Susan E. Schwab. (Doc. 27). The R&R recommends that the court grant Defendants Wayne County Housing Authority, Ellen Poska, and Joseph A. Blaskiewicz's motion to dismiss, dismiss Plaintiff Erika Marie Gonzales's complaint, and grant Gonzales leave to amend. (Docs. 19, 27).

By way of brief background, Gonzales commenced this action *pro se* by filing a complaint on August 6, 2025. (Doc. 1). The court granted Gonzales's motion to proceed in *forma pauperis*. (Docs 2, 9). This action arises from the termination of Gonzales's housing voucher. According to the complaint, Gonzales is a disabled woman battling Stage 3 cancer who alleges that defendants violated various federal laws when by terminating her housing

voucher, withholding her monthly electric subsidy payments, and denying her "other hearings [.]" (Doc. 1, Compl. at ECF p. 2).

Gonzales alleges that defendants terminated her housing voucher for failing to report income. (Id. at ECF pp. 1-2). Gonzales contends, however, that she timely reported the income via email. (Id. at ECF p. 2).  Gonzales further alleges that, at a hearing held on July 24, 2025, she was informed that her housing voucher would be reinstated upon submission of certain documents. (Id.) According to the complaint, Gonzales submitted the requested documents, but her voucher was never reinstated. (Id.) Gonzales also alleges that Wayne County Housing Authority has withheld electric subsidy payments of approximately $332 per month since April 2024 and that she has been "denied other hearings due to a lack of integrity." (Id.)  Nonetheless, Gonzales provides no further factual details regarding those allegations.

In her civil cover sheet, Gonzales assert claims under the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), the False Claims Act ("FCA"), the Due Process Clause of the fourteenth Amendment, and other federal civil rights law. (Doc. 1-1 at 1).

The R&R identifies several deficiencies in Gonzales's pleading. (Doc. 27 at 6-12).  Specifically, Magistrate Judge Schwab concludes that the complaint fails to allege sufficient facts to state plausible claims for relief and omits essential

elements necessary to support each of plaintiff's asserted causes of action. (Id.) Accordingly, the R&R recommends granting the defendants' motion to dismiss. (Id.) Nonetheless, recognizing plaintiff's *pro se* status, the R&R further recommends that Gonzales be granted leave to file an amended complaint. (Id. at 13).

Neither party filed objections to the R&R, and the time for doing so has expired.   Twelve days after the R&R was issued, however, Gonzales filed a document entitled "Motion for Leave To File Amended Complaint." (Doc. 28). Despite its title, the filing is, in substance, an amended complaint.  Indeed, the document begins by stating that "Gonzales, proceeding *pro se*, files this Amended Complaint and alleges as follows[.]" (Doc. 28, at ECF p. 1).  The court therefore does not construe the filing as an objection to the R&R.

In deciding whether to adopt the report and recommendation when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

3

Having carefully reviewed the record, the court finds neither clear error on the face of the record nor a manifest injustice in the magistrate judge's analysis and recommendations. Accordingly, the court will adopt the R&R in its entirety.

Because Gonzales has already filed what is, in substance, an amended complaint, the court will accept that filing as the operative amended complaint in this action.

It is thus hereby **ORDERED** as follows:

1) The R&R, (Doc. 27), is **ADOPTED** in its entirety;

2) Defendants' motion to dismiss, (Doc. 19), is **GRANTED**;

3) Gonzales's complaint, (Doc. 1), is **DISMISSED**;

4) Gonzales's previously filed amended complaint, (Doc. 28), is **ACCEPTED** as the operative amended complaint;

5) The Clerk of Court is directed to **DOCKET** Gonzales's proposed amended complaint, (Doc. 28), as the operative amended complaint in this matter; and

6) This matter is **REMANDED** to Magistrate Judge Schwab for further case management.

Date: _2/19/36_

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**